**Alfred AVINS, Plaintiff,**

v.

**Robert J. MANGUM, as Chairman, State Commission for Human Rights of New York, Defendant.**

**No. 67 Civ. 4048.**

United States District Court
S. D. New York.

Dec. 20, 1967.

---

\* The commission shall have the following functions, powers and duties:

6.(a) To receive, investigate and pass upon complaints alleging violations of this article. N.Y. Executive Law § 295(6) (a) (McKinney's 1967).

It shall be an unlawful discriminatory practice:

1.(a) For an employer, because of the age, race, creed, color, national origin

Alfred Avins, pro se.

Louis J. Lefkowitz, Atty. Gen., by Samuel A. Hirshowitz, 1st Asst. Atty. Gen., and Daniel M. Cohen, Asst. Atty. Gen., New York City, for defendant.

EDELSTEIN, District Judge.

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed an action for a declaratory judgment that New York Executive Law, McKinney's Consol.Laws c. 18, §§ 295(6) (a) and 296(1) (a) \* are unconstitutional and for a mandatory injunction to require defendant, Robert J. Mangum, as Chairman, State Commission for Human Rights of New York, to accept jurisdiction over a complaint which plaintiff wishes to file. Plaintiff alleges that the State University of New York at Buffalo Law School discriminated against him in that it refused to hire him for a teaching position. On September 11, 1967, prior to the instituting of this action, plaintiff wrote to defendant:

"For several years, I had made application for a teaching position at the State University of New York at Buffalo Law School, which routinely rejected applications of mine for such position. The reasons given to me varied, but I believe that the real reason is that the law faculty is hostile to my conservative political views, and my discussing them orally and in print, especially on legal questions having to do with race relations, and in particular, to my known opposition to anti-discrimination legislation in housing.

"I would like to file a complaint pursuant to New York Executive Law,

or sex of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. N.Y. Executive Law § 296(1) (a) (McKinney's 1967).

§ 290 et seq., on account of the above discrimination based on the exercise of freedom of speech and political and social views with the New York Commission for Human Rights. I am uncertain whether the Commission has jurisdiction over such a complaint, and I would appreciate being advised whether you would accept such a complaint, as I have set forth."

On October 17, 1967, the defendant, through his Special Assistant, responded:

"I regret the delay in answering your letter regarding the jurisdiction of this Commission over complaints based on your political views. I have checked the matter with our Legal Division and find that not only the Commission but the courts have determined that the term 'creed' as set forth in our Law does not include political belief.

"If, however, you wish to file a verified complaint the Commission would entertain the complaint and rule thereon."

Instead of filing a complaint before the Commission, plaintiff instituted the present action.

The court now has before it two motions. The first is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The second is plaintiff's motion under 28 U.S.C. §§ 2281 and 2284 to convene a three-judge statutory court.

■ The court will deal first with defendant's motion to dismiss the complaint. In opposition to this motion plaintiff's memorandum raises two points. First, plaintiff states that the abstention doctrine is not applicable to this case. Indeed, the most recent Supreme Court decision (too recent to be included in plaintiff's memorandum), Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444, December 5, 1967, indicates that the abstention doctrine has only limited applicability in any event. The plaintiff's second point is that the federal question presented by this case is a substantial one. Recognizing these points, but without deciding their validity, the complaint still must be dismissed. The issue raised by the complaint is not yet ripe for judicial determination. Plaintiff predicates his whole case upon the inability of the defendant to hear his grievance against the State University at Buffalo Law School. Plaintiff has pointed to defendant's letter of October 17, 1967, to show defendant's inability to hear his claim. While the first paragraph of that letter lends some support to plaintiff's allegation, it is merely advisory in tone. The second paragraph of the letter contains an invitation to commence formal proceedings before the Commission of Human Rights which would culminate in a formal ruling. Before the Commission has to defend itself, it must be given a chance to rule on plaintiff's alleged grievance. Plaintiff must first give the Commission an opportunity to act officially before he can be heard to complain of its inaction. The letter to plaintiff did not slam shut the Commission's door on plaintiff, but merely advised him that he might not have the right key to gain entrance. Defendant's motion to dismiss is granted.

■ Defendant's motion to dismiss having been granted, plaintiff's motion for a three-judge statutory court must be dismissed as moot.

So ordered.